UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

**Case No.**
-------------------------------------------------------------------------x
Tabitha Duncan

        Plaintiff,

   -against-

Equifax Information Services, LLC,
Creditors Collection Bureau, Inc.,
Dba CCB, Inc.

        Defendant(s).
-------------------------------------------------------------------------x

## COMPLAINT

Plaintiff Tabitha Duncan ("Plaintiff"), by and through her attorneys, as and for her Complaint against Defendants Equifax Information Services, LLC and Creditors Collection Bureau, Inc. dba CCB, Inc. "(Defendants)" respectfully sets forth, complains, and alleges, upon information and belief, the following:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq*. Additional claims fall under 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 *et seq*.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

3. Plaintiff brings this action for damages arising from the Defendant's violations of 15 U.S.C. § 1681 *et seq*., commonly known as the Fair Credit Reporting Act ("FCRA") and 15 U.S.C. § 1692 *et seq*., commonly known as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

4. Plaintiff is a resident of the State of Illinois, County of Logan, residing at 758 Malerich Drive, Lincoln, IL, 62656.

5. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c) and 15 U.S.C. § 1692.

6. Defendant Equifax Information Services, LLC is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Equifax Information Services is a Georgia corporation registered to do business in the State of Illinois, and may be served with process upon The Illinois Corporation Service, its registered agent for service of process at 801 Adlai Stevenson Drive, Springfield, IL, 62703.

7. At all times material here to Equifax Information Services is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

8. At all times material hereto, Equifax Information Services disbursed such consumer reports to third parties under a contract for monetary compensation.

9. Defendant CCB is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2.

10. Defendant CCB is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA, with an address at 755 Almar Parkway, Bourbonnais, Illinois, 60901.

11. Defendant was acting as a debt collector with respect to the collection of the Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

12. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

13. The Alleged Debt was incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

14. The reporting of a consumer debt to a credit reporting agency is a "communication" as the term is defined in 15 U.S.C. § 1692a(2), and is collection activity covered by the FDCPA.

15. Defendant reported the Alleged Debt on the Plaintiff's credit report.

16. Plaintiff disputed the Alleged Debt directly with the Defendant with a dispute letter on January 22, 2017.

17. Plaintiff examined her credit report again on July 3, 2017 and found that Defendant re-reported the debt in June 2017, and had not removed the credit account nor marked it as "disputed by consumer" despite being required to do so by the FDCPA.

18. On information and belief, on a date better known to Defendant Equifax Information Services, Equifax Information Services prepared and issued credit reports concerning the Plaintiff that included inaccurate information.

19. Plaintiff notified Equifax Information Services that she disputed the accuracy of the information Equifax Information Services was reporting, with a letter sent on April 4 2017, specifically stating this account was being disputed.

20. Upon receipt of the dispute of the account from the Plaintiff by Equifax Information Services, CCB failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed account.

21. Despite the dispute by the Plaintiff that the information on her consumer report was inaccurate with respect to the dispute account, Equifax Information Services did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

**FIRST CAUSE OF ACTION**
**(Violations of the FDCPA as to CCB)**

22. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

23. Defendant's improper credit reporting and lack of validation is a violation of numerous provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e(2), 1692e(5), 1692e(8), 1692(10), and 1692f.

24. As a result of the Defendant's violations of the FDCPA, Plaintiffs have been damaged and is entitled to damages in accordance with the FDCPA.

## SECOND CAUSE OF ACTION
### (Willful Violation of the FCRA as to Equifax)

25. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

26. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

27. Equifax Information Services violated 15 U.S.C. § 1601(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Equifax Information Services maintained concerning the Plaintiff.

28. Equifax Information Services has willfully and recklessly failed to comply with the Act. The failure of Equifax Information Services to comply with the Act include but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d) The failure to promptly and adequately investigate information which Defendant Equifax Information Services had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax Information Services to delete;

h) The failure to take adequate steps to verify information Equifax Information Services had reason to believe was inaccurate before including it in the credit report of the consumer.

29. As a result of the conduct, action and inaction of Equifax Information Services, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

30. The conduct, action and inaction of Equifax Information Services was willful rendering Equifax Information Services liable for actual, statutory and punitive damages in an amount to be determined by a Judge/ and or Jury pursuant to 15 U.S.C. § 1681(n).

31. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax Information Services in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

WHEREFORE, Plaintiff, Tabitha Duncan, an individual, demands judgment in her favor against Defendant, Equifax Information Services, LLC, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## THIRD CAUSE OF ACTION
### (Negligent Violation of the FCRA as to Equifax)

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

33. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

34. Equifax Information Services violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

35. Equifax Information Services has negligently failed to comply with the Act. The failure of Equifax Information Services to comply with the Act include but are not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d) The failure to promptly and adequately investigate information which Defendant Equifax Information Services had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax Information Services to delete;

h) The failure to take adequate steps to verify information Equifax Information Services had reason to believe was inaccurate before including it in the credit report of the consumer.

36) As a result of the conduct, action and inaction of Equifax Information Services, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

37) The conduct, action and inaction of Equifax Information Services was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

38) The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax Information Services in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n) and 1681o.

WHEREFORE, Plaintiff, Tabitha Duncan, an individual, demands judgment in his favor against Defendant, Equifax Information Services, LLC, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## FOURTH CAUSE OF ACTION
### (Willful Violation of the FCRA as to CCB.)

36. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

37. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

38. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

39. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

40. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as CCB must report the results to other agencies which were supplied such information.

41. The Defendant violated 15 U.S.C. § 1681s by the publishing of the Account Liability Representation; by failing to fully and improperly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

42. As a result of the conduct, action and inaction of the Defendant CCB, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

43. The conduct, action and inaction of Defendant CCB was willful, rendering CCB liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1601(n).

44. The Plaintiff is entitled to recover reasonable costs and attorney's fees from CCB in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n).

WHEREFORE, Plaintiff, Tabitha Duncan, an individual, demands judgment in his favor against Defendant, CCB, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

### FIFTH CAUSE OF ACTION
**(Negligent Violation of the FCRA as to CCB.)**

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

46. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

47. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

48. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

49. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as CCB must report the results to other agencies which were supplied such information.

50. After receiving the Dispute Notice from Equifax, CCB negligently failed to conduct its reinvestigation in good faith.

51. A reasonable investigation would require a furnisher such as CCB to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

52. The conduct, action and inaction of Defendant CCB was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

53. As a result of the conduct, action and inaction of CCB, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

54. The Plaintiff is entitled to recover reasonable costs and attorney's fees from CCB in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n) and 1681o.

WHEREFORE, Plaintiff, Tabitha Duncan, an individual, demands judgment in his favor against Defendant, CCB, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment from the each Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c) For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

d) For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e) For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

f) For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

g) For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);

h) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3); 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

i) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated:  July 5, 2017

                                                      Respectfully Submitted,
                                                      */s/Yaakov Saks*
Yaakov Saks
**RC Law Group, PLLC**
285 Passaic Street

Hackensack, NJ 07601
Tel. 201-282-6500 ext. 101
Fax 201-282-6501
ysaks@rclawgroup.com
*Attorneys for Plaintiff*